# Marino & Veneziano

**ATTORNEYS AT LAW**
163 West 71st Street
New York, New York 10023

| | | |
|---|---|---|
| **Amelio P. Marino** | (212) 873-7297 | Fax: (212) 721-9060 |
| **Ronald J. Veneziano** | (212) 873-7298 | |

August 16, 2008

To: Honorable Judge Gerard E. Lynch
United States District Judge
United States Court House                                   Re- Johnny Walters
500 Pearl Street                                                    07 CR 887 01 (GEL)
New York, NY 10007

      Under the Booker case, it is suggested that this court shall consider seven categories as relevant factors described in section 3553(a). Needless to state that some of the factors are more relevant than others. I will discuss the factors shortly.

      The plea agreement on page 5 paragraph #2 states that the parties agree that a sentence within that Stipulated Guidelines Range would constitute a reasonable sentence in light of all the factors set forth in title 18) United States Code, section 3553 (a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, and suggest that the Probation Department consider a sentence outside of the Stipulated Guideline Range , and suggest that the Court sua sponte consider a sentence outside of the Stipulated Range, based upon the factors to be considered in the imposing a sentence pursuant to Title 18 , United States Code, Section 3553(a).

      We are requesting that this Court sua sponte consider a sentence outside of the Stipulated Guideline Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553 (a).

      Factor #1 is an extremely relevant factor. The nature and circumstance of the offense and the history and characteristics of the offenders 18 U.S.C. Section 3553 (a) (1) There is no question that Johnny Walters is a changed individual who cares very deeply for his son, Jonathan and is concerned for his future. The probation report has already described the defendants family background and noted that the child's mother is now deceased. The defendant has no idea how he is going to contribute to his sons future. In fact, the

defendant is presently in family court is a custody proceeding regarding his son and would prefer his mother Addie Barnes become the care keeper for his son. I cannot overstate the defendants concern for his son. I urge this Court to follow other favorable sentencing cases where the sentencing guidelines were reduced to lower sentences.

There is a mandatory sentence of 10 years in this case and I urge the Court to sentence this defense to 10 years minimum sentence.

Background-

Johnny Walters is a 41 year old young man who will spend a good part of his future in jail and I would like to minimize the amount of time he will spend in jail. The probation department has already completed an extensive report on behalf of the defendant. The probation report demonstrates that, in spite of the defendant's background when growing up, the defendant has a very close knit family as demonstrated by the number of people who were in Court on his behalf and the attached letters of recommendation on his behalf.

The Law Governing Sentencing Post - Booker

Since <u>United States vs. Booker,</u> 125 S. CT 738(2005). Section 3553(a) governs sentencing in federal courts. The overarching principle in fashioning an appropriate sentence is the parsimony command: "The court shall impose a sentence sufficient, but not necessary to comply with the purposes of sentencing set forth under S 3553 (a) (2). "18 U.S.C. Section 3553 (a). See United States v. Ministrotapia, 470 F. 3d 1 7,142, (2d cir.2006) (if a district court finds 2 sentences equally serve the purpose of Section 3353, under the parsimony command it must impose the lower sentence ). While the guidelines will be a point of reference or departure, it is but one factor amount many relevant to the sentencing decision. <u>See United States v. Rubenstein</u>, 403 F3d 93, 98-99 (2d Cir.2005); <u>United States v. Crosby</u> 397 F.3d 10, 113-14 (2d Cir. 2005). And, even after considering all the Section 3553 (a) factors, the court can consider its own sense of what is a fair and just sentence under all the circumstances. <u>United States v. Jones</u>, 460 F.3d 191, 195 (2d Cir. 2006).

<u>Booker</u> provides that the court in determining the particular sentence to be imposed, shall consider seven categories of relevant factors described in Section 3553 (a):

1. The "nature and circumstances of the offense and the history and characteristics of the offender," 18 U.S.C. Section 3553 (a) (1);

2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment,

      afford adequate deterrence, protect the public, and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," <u>id.</u> (A) (3);

3.    "The kinds of sentences available," <u>id.</u> (a) (3);

4.    The kinds of sentence and the sentencing range established by the Sentencing Commission in the Sentencing Guidelines, <u>id.</u> (a) (4);

5.    Any pertinent policy statements issued by the Sentencing Commission, <u>id.</u> (A) (5);

6.    The need to avoid unwarranted sentence disparities among similarly situated defendants, <u>id.</u> (a) (6); and

7.    The need to provide restitution, <u>id.</u> (a) (7).

Application of Other Factors Pursuant to Section 3553 (a) (2) Factors

      In addition, it should be noted that this defendant at all times was a low level drug dealer and was always convicted of selling or possessing small amounts of cocaine. Under Booker, this Court can impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing set forth under Section 3553 (a) (2). See United States v. Ministrotapia 470 Fd 1. While the guidelines will be a point of reference or departure, it is but one factor among many relevant to the sentencing decision. See United States V. Rubenstien, 403 F3d 93, 98-99 (2nd Cir.2005); United States V. Crosby 397 (4.3d) 10, 113-14 (2nd Cir.2005). And, even after considering all the Section 3553 (a) factors, the Court can consider its own sense of what is a fair and just sentence under all the circumstances. United States v. Jones 460 F3 191, 195 (2nd Cir.2006).

      In summary, a below the guidelines is warranted in light of defendant Walters background and other named factors pursuant to Section 3553 (a).

cc:    AUSA - MARISSA B. MOLE

                                            Respectfully,

                                            Amelio P. Marino